# GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN

A PROFESSIONAL CORPORATION

COUNSELLORS AT LAW

72 EAGLE ROCK AVENUE, SUITE 350

PO BOX 438

EAST HANOVER, NJ 07936

(973) 509-7500

FAX (973) 509-0414

James Scott Murphy
CA and NJ Bars
Principal

Phone Ext. 2236
E-Mail: jsm@garritygraham.com

New York Office
———
40 WALL STREET
28TH FLOOR
NEW YORK, NY 10005
(212) 400-7177

March 8, 2016

**Via ECF**
United States Court of Appeals for the Third Circuit
c/o Marcia M. Waldron, Clerk
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

> RE:   Dorman, Anthony v. Computer Credit, Inc.
> Case No.:              16-1009
> District Case No.:     2:14-cv-08065-JLL-JAD
> Our File No.:          992.25990/JSM

Dear Ms. Waldron:

This office represents Appellant-Defendant, Computer Credit, Inc. and attorneys Ari Marcus and Yitzchak Zelman of Marcus & Zelman represent Appellee-Plaintiff Anthony Dorman.

Upon receipt of the your Order bearing Document No. 003112215591, all counsel engaged in a meet-and-confer with regard to the issue as to whether United States District Judge Jose L. Linares' Order [ECF Document No. 38 – Case No. 2:14-cv-08065] on cross-motion for summary judgment and related Opinion [ECF Document No. 37 – Case No. 2:14-cv-08065] is a final, appealable order within the meaning of 28 U.S.C. § 1291.

While the intent of the underlying cross-motions for summary judgment was to obtain a final appealable order, counsels have determined that it is not final and we will jointly be requesting that Judge Linares re-open the administratively closed District Court case.

Garrity, Graham, Murphy, Garofalo & Flinn
March 8, 2016
Page 2


As a result, all parties have agreed that Appellant-Defendant Computer Credit, Inc. does hereby respectfully move to dismiss, without prejudice, the pending appeal until such time as a final appealable order has been obtained in the New Jersey United States District Court. We apologize for any inconvenience.


.Respectfully yours,

GARRITY, GRAHAM, MURPHY,
GAROFALO & FLINN

JAMES SCOTT MURPHY

JSM:dr
Enclosures
cc:  Ari H. Marcus, Esq./Marcus & Zelman
     Yitzchak Zelman, Esq./Marcus & Zelman

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. **16-1009**

Dorman v. Computer Credit, Inc.
(D.N.J. No. 2-14-cv-08065)

**ORDER**

By order dated January 6, 2016 the parties were directed to submit written responses within 14 days addressing the issue of whether the order appealed was a final, appealable order within the meaning of 28 U.S.C. § 1291. Appellant has failed to file a response as directed. If appellant does not file a response within 14 days of the date of this order, the appeal will be dismissed for want of prosecution per Third Circuit Local Rule 107.2(a).

For the Court,

s/ Marcia M. Waldron
Clerk

Dated:       February 24, 2016
SLC/cc:      Ari H. Marcus, Esq.
             James S. Murphy, Esq.
             Yitzchak Zelman, Esq.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY DORMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMPUTER CREDIT, INC., and JOHN DOES 1-25,<br><br>Defendants. | Civil Action No.: 14-8065 (JLL) (JAD)<br><br>**ORDER** |

This matter comes before the Court by way of cross motions for summary judgment filed

by Plaintiff Anthony Dorman and Defendant Computer Credit, Inc. pursuant to Federal Rule of

Civil Procedure 56.  (ECF Nos. 26, 28.)  For the reasons set forth in the Court's corresponding

Opinion,

IT IS on this 2⁄ᵗʰ day of December, 2015,

**ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 28) is hereby

GRANTED; and it is further

**ORDERED** that Defendant Computer Credit, Inc.'s Motion for Summary Judgment (ECF

No. 26) is hereby DENIED, and the Clerk of the Court shall mark this matter closed.

**IT IS SO ORDERED.**

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY DORMAN, on behalf of himself and
all others similarly situated,

          Plaintiffs,

v.

COMPUTER CREDIT, INC., and JOHN DOES
1-25,

          Defendants.

Civil Action No.: 14-8065 (JLL) (JAD)

**OPINION**

**LINARES**, District Judge.

     This matter comes before the Court by way of cross motions for summary judgment filed

by Plaintiff Anthony Dorman ("Plaintiff") and Defendant Computer Credit, Inc. ("CCI") pursuant

to Federal Rule of Civil Procedure 56. (ECF Nos. 26, 28.) The Court has considered the parties'

submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal

Rules of Civil Procedure. For the reasons set forth below, the Court grants Plaintiff's motion for

summary judgment.

**BACKGROUND**[1]

     On December 1, 2014, CCI mailed a collection letter to Plaintiff requesting payment of a

debt in the amount of $680.52 due to Robert Wood Johnson University Hospital-Rahway. (SOF

¶ 1.) The collection letter was mailed to Plaintiff in an envelope with a glassine window that

---

[1] These background facts are taken in part from the parties' statements of material facts, pursuant to Local Civil Rule
56.1. (ECF Nos. 26-6, 28-6, Rule 56 Joint Statement of Facts ("SOF").)

showed Plaintiff's name and address, along with the following alphanumeric sequence: XXX XXX XXXX XXXXXXXXX.[2]  (*Id.* ¶ 2-3; *see* ECF No. 26-3, Ex. A to Charles W. Jordan Affidavit ("Collection Letter").)

On December 29, 2014, Plaintiff filed a class action Complaint alleging that showing this alphanumeric sequence above his name and address, visible through the glassine envelope window, violated § 1692f(8) of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA").  (*Id.* ¶ 5; ECF No. 1, Complaint ("Compl.").)[3]  In particular, Plaintiff contends that the visible alphanumeric sequence is Plaintiff's "invoice/account number" which "is a piece of information that can identify the Plaintiff as a debtor, in violation of the FDCPA." (Compl. ¶¶ 27-29.)  CCI filed an Answer to the Complaint on February 27, 2015, denying that Plaintiff's account number was visible through the glassine window, and accordingly arguing that the collection letter did not violate the FDCPA.  (SMF ¶ 6; ECF No. 8 ¶¶ 27-29.)

Pursuant to an Order dated October 28, 2015 (ECF No. 25), the parties filed cross-motions for summary judgment on November 4, 2015.  (*See* ECF No. 26-5 ("CCI Mov. Br."); ECF No. 28-1 ("Pl. Mov. Br.").)  On November 25, 2015, CCI filed opposition to Plaintiff's motion (*see* ECF No. 31-1 ("CCI Opp. Br.")), and on December 1, 2015, Plaintiff filed opposition to CCI's motion (ECF No. 33 ("Pl. Opp. Br.")).  The matter is now ripe for resolution.

---

[2] In accordance with the Order dated December 2, 2015 from Hon. Joseph A. Dickson, United States Magistrate Judge (ECF No. 34), the Court redacts the alphanumeric sequence.
[3] The parties do not dispute, and the Court finds, that jurisdiction is proper under 28 U.S.C. § 1331.

## LEGAL STANDARDS

### A. Motion for Summary Judgment

Summary judgment is appropriate when, drawing all reasonable inferences in the non-movant's favor, there exists no "genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "[T]he moving party must show that the non-moving party has failed to establish one or more essential elements of its case on which the non-moving party has the burden of proof at trial." *McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 424 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). If a reasonable juror could return a verdict for the non-moving party regarding material disputed factual issues, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 242-43 ("At the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

### B. Fair Debt Collection Practices Act

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). When Congress passed the legislation in 1977, it found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and invasions of individual

3

privacy." *Id.* § 1692(a). "As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013). Furthermore, "[t]he FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (citation omitted). Here, it is undisputed, and the Court finds, that the first three elements are satisfied. (SOF ¶¶ 7-9.) At issue is the fourth prong: whether CCI violated a provision of the FDCPA in attempting to collect the debt.

## ANALYSIS

Plaintiff alleges that CCI violated 15 U.S.C. § 1692f(8), which prohibits a debt collector from using "unfair or unconscionable means" to collect a debt, and includes the following, nonexclusive list of prohibitions: "using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." *Id.* The issue before the Court is whether CCI violated § 1692f(8) when it sent Plaintiff the Collection Letter with the following information visible through a

4

glassine window[4]:

> XXX  XXX     XXXX   XXXXXXXXX
> Anthony Dorman
> 607 Bryant St
> 1st Floor
> Rahway, NJ 07065-3031

(*See* Collection Letter.)

Plaintiff argues that summary judgment should be granted in his favor because the language of § 1692f(8) is unambiguous and plainly applies to CCI's use of the alphanumeric sequence. (Pl. Mov. Br. at 6-10.) Plaintiff relies exclusively on the recent decision in *Douglass v. Convergent Outsourcing* where the Third Circuit concluded that disclosure of a consumer's account number violates the FDCPA, and subsequent district court case law. (*Id.*) While Plaintiff concedes that the number displayed in the glassine window here is incapable in and of itself of revealing identifying information about Plaintiff or his debt, he argues that the logic of *Douglass* still applies because a "large portion" of the account number is displayed. (Pl. Opp. Br. at 11-12.) Specifically, the only difference between the "internal number" displayed in the glassine window and the actual account number is that the account number includes an additional three digit code, which correlates to the specific creditor of the relevant account. (*Id.*; *see also* ECF No. 26-4, Ex. B to Charles W. Jordan Affidavit ("CCI Memorandum") at 2.)

CCI argues that summary judgment should be granted in its favor because the alphanumeric sequence is not Plaintiff's account number, and therefore *Douglass* is distinguishable. (Def Mov. Br. at 7.) CCI contends that the sequence of numbers and letters visible through the glassine window are internal reference numbers only that do not identify Plaintiff or reveal his personal

---

[4]"§ 1692f(8)'s prohibition on language and symbols applies to markings that are visible through a transparent window of an envelope." *Douglass*, 765 F.3d at 302. The parties do not dispute this point.

information. (*Id.* at 7-10; *see also* CCI Memorandum at 1 (explaining the meaning of the alphanumeric sequence).) CCI highlights specific, numerical differences between the fourth sequence of numbers, and Plaintiff's actual account number. (*Id.*) Furthermore, CCI notes that Plaintiff's account number—which admittedly will reveal personal information when typed into CCI's website or scanned with a smartphone—cannot be seen through the glassine window because it is printed in the bottom right portion of the collection letter. (*Id.*) In contrast, it is undisputed that the sequence visible through the glassine window will not in and of itself reveal any of Plaintiff's personal information. (*Id.*) Additionally, CCI distinguishes the cases relied on by Plaintiff and argues that the core concern in *Douglass* is preventing confidential information about the debtor from being disclosed to the general public, an issue not presented by these facts. (CCI Opp. Br. at 8-12.)

When interpreting a statute, the court must begin with the text. *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 367 (3d Cir.2011). "If the statute's plain language is unambiguous and expresses [Congress's] intent with sufficient precision, we need not look further." *Id.* (citation omitted). But if the "literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters," then we are obligated to "construe statutes sensibly and avoid constructions which yield absurd or unjust results." *United States v. Fontaine*, 697 F.3d 221, 227 (3d Cir. 2012) (internal citations and quotation marks omitted). Where the plain meaning of a statute would lead to an absurd result, we presume "the legislature intended exceptions to its language [that] would avoid results of this character." *Gov't of Virgin Islands v. Berry*, 604 F.2d 221, 225 (3d Cir.1979) (quoting *United States v. Kirby*, 74 U.S. (7 Wall.) 482, 487, 19 L.Ed. 278 (1868)).

The precise question before the Court is whether CCI's use of a large portion of Plaintiff's

account number, which in and of itself does not reveal any identifying information, violates the

FDCPA. A plain reading of the statute leads to the conclusion that a violation has occurred. In

pertinent part, § 1692f(8) prohibits the use of "any language or symbol, other than the debt

collector's address, on any envelope when communicating with a consumer by use of the mails

. . . ." *Id.* The alphanumeric symbol visible through the glassine window here is clearly a

"symbol[] other than the debt collector's address." CCI does not argue otherwise. Thus, under a

plain reading of the statute, a violation has occurred. Because the statute's language is plain, the

Court's function is "to enforce it according to its terms," so long as "the disposition required by

that [text] is not absurd." *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 759 (3d Cir. 2009)

(quoting *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004)).

The disposition required by a straightforward application of the plain language of the

statute is not absurd because it is consistent with the Third Circuit's decision in *Douglass*.[5] In

*Douglass*, the Third Circuit analyzed whether an internal account number and scanable quick

response ("QR") code printed on the outside of an envelope violated the FDCPA. 765 F.3d at 302.

The Third Circuit determined that it did because the account number was "a piece of information

capable of identifying [the plaintiff] as a debtor" and "its disclosure has the potential to cause harm

to a consumer that the FDCPA was enacted to address." *Id.* at 306. Stated differently, the Third

Circuit found a violation where the envelope included "information pertaining to [the plaintiff's]

status as a debtor and [the defendant]'s debt collection effort. Disclosed to the public, it could be

used to expose her financial predicament." *Id.* at 303. Thus, in *Douglass* the Third Circuit focused

---

[5] The Court notes that CCI does not explicitly argue that the result is absurd when the plain language of the statute is
applied to the facts of this case, but its attempt to distinguish the holding in *Douglass* can be construed as such.

on the privacy concerns underlining Congress's purpose in passing the FDCPA. *See id.* at 303-04; *see also* 15 U.S.C. § 1692(a), (e) (stating the purpose of the FDCPA is to "eliminate abusive debt collection practices" which contribute to "invasions of individual privacy").

The undisputed facts here show that CCI included a large portion of Plaintiff's account number on the envelope. The only difference between the "internal number" visible through the glassine window (that in and of itself does not reveal any information about the debtor or the debt) and the actual account number (which reveals information about the debtor and the debt when entered into CCI's website) is that the account number includes an additional three digit code, which correlates to the specific creditor of the relevant account. (CCI Memorandum at 2.) Thus, the numbers, although technically different, are very similar to one another. A member of the general public could theoretically use the "internal number" visible through the glassine window and add the creditor code to arrive at the actual account number. Although unlikely, such a scenario is within the contours of *Douglass*. *See Douglass*, 765 F.3d at 303, 305, 306 (noting that the number on the envelope was: "information *relating to* the debt collection and *susceptible* to privacy intrusions"; "*could* be used to expose [the plaintiff's] financial predicament"; was "*capable* of identifying the plaintiff as a debtor"; and "its disclosure has the *potential* to cause harm to a consumer that the FDCPA was enacted to address") (emphasis added).

The Court additionally notes that even if a "benign language exception" existed in the Third Circuit, it would be unlikely to apply to these facts.[6] As the Court in *Douglass* noted, "[t]hough several courts, including the Courts of Appeals for the Fifth and Eighth Circuits, have interpreted

---

[6] CCI does not explicitly ask this this Court to consider whether a benign language exception exists under § 1692f(8), but under the most generous reading possible of CCI's motion, the Court will briefly do so, even at the risk of wading into dicta.

§ 1692f(8) to permit an exception for certain benign or innocuous markings, they did so in the context of envelope markings that did not have the *potential* to cause invasions of privacy." *Id.* at 304 (emphasis added). Because the account number at issue in Douglass had the potential to identify the debtor and her debt, the Third Circuit explicitly declined to decide whether § 1692f(8) contains a benign language exception, on grounds that disclosure of an account number cannot be considered benign. *Id.* at 303. In distinguishing itself from the Fifth and Eight Circuits, the Third Circuit noted that those courts "did not confront an envelope that displayed core information relating to the debt collection and susceptible to privacy intrusions." *Id.* at 305. Indeed, the markings at issue before those Circuits were the words "priority letter," "PERSONAL AND CONFIDENTIAL," and "IMMEDIATE REPLY REQUESTED." *See Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488 (5th Cir. 2004); *Strand v. Diversified Collection Service, Inc.*, 380 F.3d 316 (8th Cir. 2004). Those markings are clearly more benign than the disclosure here of the majority of Plaintiff's account number. Furthermore, it would be a slippery slope indeed were the Court to conclude that the disclosure of a large portion of a debtor's account number was benign. Although the Court declines to engage in a full analysis of the benign language exception, it notes that even it if were found to exist, the Court would be hesitant to apply it to the facts of this case. *See Peter v. GC Servs. L.P.*, 310 F.3d 344, 352 (5th Cir. 2002) (holding that an exception for benign language could not be "stretched to cover" conduct by a debt collector implicating a "core concern of the FDCPA").

In sum, the Court finds that CCI has violated § 1692f(8) of the FDCPA. The Court's conclusion is consistent with the requirement that remedial legislation such as the FDCPA be construed broadly. *Caprio*, 709 F.3d at 148 (3d Cir. 2013) ("As remedial legislation, the FDCPA

must be broadly construed in order to give full effect to [Congress's] purposes.")

## CONCLUSION

For the reasons above, the Court grants Plaintiff's motion for summary judgment. An

appropriate Order accompanies this Opinion.

DATED: December 21st, 2015

_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE